We have Mr. Angioletti, I should be able to pronounce that better, right? That's all right, I've been called everything. Reserve one minute for rebuttal, you can begin whenever you're ready. Yes, Judge Bianco. Before I get into our sentencing argument, there's one thing I wanted to point out to the court. Through the life of this case, there have been numerous adjustments in Mr. McKenzie's release date. Either through his participation in the residential drug abuse program or through various first step adjustments. And I've tried to keep the court aware so that the court would know how much time we had before my sentencing issue became moot. Currently, Mr. McKenzie went into residential reentry management on May 1st. That doesn't moot the sentencing issue because he's still subject to the authority of the Bureau of Prisons. On June 16th, he will go into home confinement. That doesn't moot the sentencing issue because he's still subject to the authority of the Bureau of Prisons. But on September 16th, that's his release date. So we have four months before the case becomes moot. And I just wanted to make the court aware of the timeframe. Thank you. That's helpful. Okay. Now, the law is clear that a judge can increase his sentence and go above guidelines for factors that are in the guidelines calculation of that defendant as long as he articulates a reason why the guidelines don't adequately address those factors in the context of the case on which he's sentencing. In the instant case, the district court judge gave four reasons why he felt the guidelines, even though they addressed these factors, didn't address them enough for the seriousness of the case. I think each of those factors is flawed, and we'll go through them. First, he says the guidelines didn't account adequately, although they mentioned the seriousness of the crime, they didn't account adequately for it. If you look at the guidelines, now, Mr. McKenzie, he was charged with and pleaded guilty to giving false answers during an interview by FBI agents about a gun that was found in the possession of an inmate at MCC. But the guidelines calculation considered and weighed against McKenzie not only that he lied but what the ultimate object of the investigation was. So there's these four reasons. You're going to say that the first three, the seriousness of the offense, the abuse of a position of trust, and the potential consequences of the investigation were accounted for in the guidelines, right? That's your view of those three? They were fully accounted for in the guidelines. Fully accounted for. And then the fourth one, the lack of remorse, the problem is that part of his reason for the lack of remorse is the district court said that McKenzie should have confessed, basically, and turned over the text messages, which would have implicated him in a separate crime, right? And that's why he has a problem with that. Not only that he should have confessed, but he should have taken the initiative. Right. After he gave the false answers, he should have. So, I mean, I went back and I looked at, so he gets, McKenzie gets a ten-month reduction, about a ten-month reduction for acceptance of responsibility, right? And the reason he gets that, according to the PSR, is because he makes the statement that when officers came and questioned him, he said, I knowingly and willfully did not choose to answer. And then it seems pretty clear that the district court, in its explanation of its upward variance, doesn't believe that that's genuine remorse, right? Because he says, you didn't just choose not to answer, you actually actively misled, right? So if we were to send this back to the district court, or so he gets this ten-month reduction for that, and then he gets a nine-month increase on upward variance on the four factors you mentioned, part of one of which is the failure to cooperate. If we were to send this back and the district court were to do it maybe correctly, wouldn't it mean that he would not get the ten-month reduction? And so that would just totally overcome the nine-month increase in the upward variance, wouldn't it? No, because I think the interesting thing about it is the district court gave him the ten-month reduction, despite and then said he really didn't exhibit remorse. Now in terms of- The context was the court being asked to consider his extreme level of remorse, and there were things in the papers like he's extremely apologetic to law enforcement, and this one I want you to address. He's in the process of fixing his mistake, and the judge, in hearing all this about this extreme remorse, says, well, he hasn't done anything to try to correct the misinformation that he gave in the investigation. And we have said that a judge, even though you can't increase a sentence for failure to cooperate, that you can consider those types of things on the issue of remorse and acceptance of responsibility. And I would say, especially when the defense counsel and the defendant are invoking that he had this extraordinary remorse that should result in a below-guideline sentence. Why can't a judge say, well, I don't consider that remorse to be extraordinary? I don't think you're in the process of fixing the mistake, because we have no idea what was going on during those many, many text messages and other interactions that he was having with the inmate's wife that allowed a loaded gun to get into a correctional facility. Why can't a judge consider that when someone is putting in front of him this idea of extreme remorse, and he sees that fact pattern? But I think that, first of all, in terms of the problems, the judge is saying- What did you call extreme remorse? He said- In the process of fixing his mistake. What did he mean? What was the process of fixing the mistake? I don't understand what he was talking about. I think that's his way of saying he's trying to lead a law-abiding life. I think that's what he's trying to say. But going back to your first point, if the judge thinks that even though the guidelines takes into account that it filed a firearm, and that he was a correctional officer, but that his lie, in light of his extensive interaction with the inmate and the inmate's wife, made this more than the ordinary case that would involve just sort of a contraband getting into the facility. Why can't a judge decide that I think this should be, what was it, nine months above the guideline? Because of how extensive and serious his interactions were with the inmate and the inmate's wife. And then his lie, when they're trying to figure out where a gun is in the facility. But by the time McKenzie is interviewed, they're not trying to figure out where the gun is. The gun's recovered 20 minutes before. Much bigger problem that was posed by this whole scheme, right? That was a lot of interaction that he had meeting. He was meeting outside of the facility with the inmate's wife, right? Ten phone calls, 52 text messages. There was a concern, certainly there would be a concern that there was much more than just that loaded gun going on here, right? But the bar that the judge set is McKenzie would only be expressing genuine remorse if he took the initiative and gave himself up to the FBI. And I think that's too much to ask for. The district court sort of says two things. One is I don't think it's genuine remorse because you're just saying you failed to answer truthfully. But really what you did was you affirmatively misled the investigators and that is more serious and you're not even admitting that or coming to grips with it, right? So he says that. He thinks it's not genuine remorse. But then he does say this other point, which is if you felt genuine remorse, you would have affirmatively come forward and said you lied and brought the information. Now on the first – sort of the first one and a half points, he could have said I lied, right? That would not be – that would just be rectifying or coming to grips with this offense, right, lying to investigators. He could have admitted that when he accepted the plea. He could have even at the time told the officers the next day I lied. That wouldn't necessarily implicate him in the gun smuggling, right? That wouldn't necessarily be self-incrimination. That would just rectify this particular instance. No, no. The rationale, which is he says you should have gone ahead and turned over all the text messages that would have implicated you in the gun smuggling, right? No. If he turns – once he – if he did what the district court judge wanted him to do, which is of his own accord call the FBI and say I lied, that's a pretty high bar for remorse because nobody does that. Nobody calls up the FBI on their own pre-arrest and says, you know, I want to tell you guys something. I lied to you. All this was in response – I don't want to go in circles with you. All this was in response to this long thing about how extremely remorseful it was. The judge didn't volunteer this information sort of independently. I'm going to sentence you higher because this is what you should have done. You should have gone to the FBI and told them everything. This was all in response to this very fulsome argument that he has unbelievable remorse. So we have to take that into context. I don't think he characterized his own remorse as unbelievable. I think – and keep in mind this is a lay person. He's trying to express that he knows he did wrong. All right. We got it. Thanks. Thank you very much. We'll hear from the government. Mr. Wolf. May it please the court, my name is Daniel Wolf. I'm an assistant United States attorney in the Southern District of New York. I represent the United States in the district court, and I represent the United States here on appeal. The defendant here has not carried his burden to show that the district court erred plainly or otherwise when concluding that the defendant's claim of remorse and acceptance of responsibility rang hollow in light of his actions. As Judge Bianco has noted, the defendant here in seeking mitigation for his sentence stated repeatedly that he should be given credit for his remorse. I'm reading here from the record that he said, if given the opportunity to go back, I would have done the right thing. He also stated that he let his brothers at the Union Lodge down, which I think is properly read as a reference to his fellow correctional officers. Judge Castell, in hearing these claims for mitigation, acted well within his discretion. Yeah, but we said in Stratton and other cases, right, that we don't punish somebody for silence and non-cooperation with the authorities, right? So when he says I've shown remorse, what he's focusing on is the considerations that a judge should consider, which is whether he has genuinely expressed a kind of heartfelt regret, right? That is correct. So wasn't it inappropriate for the district court to say, well, if you really were remorseful, you would have gone to the authorities and told them and confessed that you lied and also turned over all of these text messages that would have implicated you in this gun smuggling? No, because what Stratton and similar cases hold in this circuit is that the district court may not penalize expressly a defendant upwardly for failing to cooperate. In the cases in Stratton and others as such, district courts expressly penalize the defendant for refusing to cooperate with the government and refusing even from invitation of the district court to cooperate and allow the defendant to show. Yeah, but so what you're saying here is because the district court here said, well, if you were really remorseful, you would have cooperated, that's not truly penalizing him for failing to cooperate? No, it is not. It's the district court. Really? The district court can say, well, if you were truly remorseful, you would have cooperated with the government. And so I'm going to upwardly vary. In this case, in this record with the defendant citing as a mitigating factor the fact that he was remorseful in stating that if given the opportunity to go back, I would have done the right thing. In a crime where, in fact, the defendant could have gone back and done the right thing, it was well within the district court's discretion and authority, being in the unique position as a trial judge at sentencing, to weigh the defendant's sincerity and, in particular, to weigh his degree of remorse, which I think under Section 3553A and this court's precedent is clearly— Doesn't that undermine the Stratton rule? So if the district court is not allowed to say, I'm going to upwardly vary because you failed to cooperate, but is allowed to say, I'm going to upwardly vary because you haven't shown remorse but because you didn't cooperate, I mean, isn't that the same thing? Doesn't that mean we don't really have a Stratton rule? Respectfully, I don't think it is the same thing. I think that, again, in cases like Stratton and Rivera where this court has held otherwise, you have expressed statements from a district court saying, because you did not cooperate, I'm giving you five extra years, or because you did not— In one of them, the judge said, I'll give you 120 days to cooperate. I'm giving you a consecutive sentence. I think it was five years. You have 120 days to cooperate, and then I'll consider lowering it, right? That's exactly right. And unlike Stratton and Rivera, in the other cases—D. Giovanni, I think, is another one— there's no express statement here from the judge about a failure to cooperate or even an invitation to say, if you cooperate, I will give you— And he gave you multiple reasons for giving an above-guideline sentence. He didn't say, I'm giving you an above-guideline sentence because you didn't give information to law enforcement. He had multiple reasons and noted that the sentence was justified in part because he didn't view the remorse as sufficiently fulsome to warrant a reduction for what he otherwise thought was a very serious crime. That's exactly right. But you're saying that doesn't matter, right? So even if he said, I'm going to vary nine months upward because you didn't cooperate with authorities by turning over the text messages, you would think that that was consistent with our—that was permissible. I'm sorry, I didn't quite hear that. You're saying it doesn't matter that there are other reasons because you think it's permissible for a district court to say, I'm going to vary upward by nine months and increase your punishment because by failing to cooperate with law enforcement, you have not shown genuine remorse. I think here, again, the record here is Judge Castell making that finding in light of specific requests for mitigation by the defendant and given an opportunity to speak at sentencing and present factors that warrant mitigation. That's going to be in every case, right? The defendant is going to say, I'm remorseful. I mean, maybe not literally every case, but most cases. A defendant very well may, but a defendant in a case, and I think Judge Castell's both written statement of reasons and what he said orally underscore this. In a case such as obstruction of justice where a defendant says, I wish I could go back and have changed things, the defendant actually has an opportunity to go back and change things. In a case of violence like a murder or an assault, a defendant may not be able to go back. In fact, it would be quite surprising if the defendant could go back and change the events. But here, the defendant actually did have the opportunity to go back. And the defendant, in fact, did not go back for a period of months. If he had done what the district court says and had gone back and said, I lied, here are all the text messages, he would have been incriminating himself in the smuggling, which is not something with which he was even charged, right? That is correct. So isn't the district court even saying you should have gone back and incriminated yourself in a separate crime? And because you didn't, I'm going to increase your sentence by nine months. No, I don't think the district court is saying that. I think, again, the district court is saying such with a background of the defendant having said, I wish I could go back and change things. But even so— Is that the key thing? So if he hadn't said that and the district court had just said, because you didn't go back and turn over the text messages and implicate yourself in the smuggling, I think you haven't shown a lack of remorse, and so therefore I'm varying upward. And it was not in response to anything he said in particular. Would that be erroneous? Certainly it would not be clearly erroneous. I think if I'm hearing the court correctly, the concern is one born of a Fifth Amendment violation. And here, of course, the defendant— Well, I don't know. These sort of rules seem to work together, the sort of Stratton rule that we don't punish for noncooperation and also the idea that we don't punish for failing to incriminate oneself. I mean, it seems like they promote the similar principles, right? I disagree. And I think, again, we're dealing with a Fifth Amendment right to remain silent, which I think is probably the only source here of any error. Certainly the error could not have been clear. As the government stated in its paper, the Supreme Court itself has left the question open of whether the sentencing court can consider silence for purposes such as lack of remorse or lack of acceptance of responsibility. And here, that's exactly what the district court did. And so for that reason— So you're saying the district court did, in fact, say that because you didn't go incriminate yourself in the other crime, the smuggling crime, I'm going to increase your sentence by nine months. But the district court was allowed to do that, and the Supreme Court hasn't said that he was not. No, I am not saying that the district court said that because you did not report the crime, I'm giving you an extra nine months to step back— But the statements the district court wanted him to say, to go and say, I lied and to turn over the text messages with the wife and so on, would have incriminated himself, right? They could have incriminated himself. But again, the district court was, I think, took appropriately in its position as fact finder, seeing the defendant up close and hearing the defendant speak was amply permitted within his discretion when faced with statements, protestations from the defendant saying, I wish I could go back in time and have done things differently, to question the sincerity of that statement by saying, well, if you actually wish you could have gone back and done something differently, you haven't actually done so here. And therefore, as one of several factors, as Judge Bianco pointed out, that support aggravating the sentence, I am going to impose a higher sentence here above the guidelines. But if the thing he could go back and do differently was confess to a crime, it's still appropriate? On these facts with a defendant stating that I am remorseful and if I could have done things differently, I would go back and make things right. And I am sorry that I let down my brothers at the Union Lodge, who themselves could have been harmed by a loaded firearm being in a federal correctional facility. I think that there it is appropriate, and certainly within the judge's discretion at sentencing, to consider the sincerity of those statements weighed against the defendant's actual actions. Okay. What about what I was asking about before, that he gets a 10-month reduction for acceptance of responsibility, but it seems pretty clear the district court doesn't think that the basis for that reduction, which is him saying I willfully chose not to answer truthfully, really did accept responsibility. Does that mean that overall he's benefited from what the district court did, because the district court gave him a 10-month reduction and only a 9-month increase? He may have, but I do think, as we said in our papers, that that is a different inquiry. Whether one qualifies under the guidelines for acceptance of responsibility credit is a different inquiry than the 3553A consideration of acceptance of responsibility. So a judge could easily conclude that someone should get those points because they pled guilty in a timely manner and admitted to the crime. But that to the extent that they're arguing they have extreme remorse multiple times and want to blow a guideline sentence, that the lack of providing full information to the investigation does not warrant that type of leniency. That's inconsistent. That's exactly right. And I know that courts have held, I believe including this court, that with respect to the three points for acceptance of responsibility, a defendant is not required, for example, to confess to relevant conduct. He need only or she need only confess to the minimum amount of conduct which would fit the crime. Yeah, but even if it's a different inquiry, I'm just looking at what the district court actually said about that statement. I willfully chose not to answer. He says that just totally misrepresents what you did. It's like you didn't just choose not to answer. You actively misled officers and so on. So even under the limited inquiry under the departure or the reduction, doesn't the district court seem not to think that he would qualify? Again, my understanding is that the standard for the reduction under acceptance of responsibility is based on, at least the two points, is based on the defendant admitting to the crime by embracing the elements of the crime. And I think fairly read, I think that Judge Castel's concern is that when posed with a defendant who at sentencing is saying, I have fully accepted responsibility and I wish I could go back in time, the available evidence for Judge Castel to assess the sincerity of that statement, given that the defendant is not saying, well, here's all the things I have done, is to review the allocution itself. And here, I think the allocution from Judge Castel's perspective was rather bare bones. And Judge Castel certainly was within his discretion to consider the bare bones nature of that allocution when deciding whether the remorse was sincere. All right, thank you, Mr. Wolf. Thank you. We have one minute for rebuttal. In Stratton, the government sought the defendant's cooperation. The defendant said, no, I'm not cooperating with you. The interesting thing about this case is the government never sought McKenzie's cooperation. So McKenzie never refused to cooperate like the defendant in Stratton. Even though the defendant in Stratton, this court said, couldn't be punished for that. Is the court now going to say McKenzie can be punished not because he turned down the government's request that he cooperate, but that McKenzie himself, on his own, and at that point, unrepresented by counsel, didn't initiate some kind of cooperation with the government on his own? Well, that's the argument that they just said. As long as the district court is not expressly pressuring him into cooperating or saying, you need to go cooperate, but uses it only to understand the degree of his remorse, it doesn't run afoul of Stratton. I don't think that giving yourself up and incriminating yourself is the yardstick by which remorse is measured. I think remorse is measured by the fact that he pleaded guilty early on in the case. He admitted what he did. And in terms of that statement in the allocution, I think, you know, you've got a layperson. He's not an attorney. I think when he says, I chose, okay, I knowingly and willfully did not choose to answer, I think in his layman's terms, he's not saying only that he didn't answer. He's saying, I chose not to answer truthfully. I think the worst, at worst, he left out the word truthfully. And the judge never expressed any complaints with that allocution. He didn't have to accept the plea if that allocution was so flawed. All right. We got it. Thank you. Thank you very much. Reserved decision. Have a good day. You too.